956 F.2d 1174
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
BLAKE CONSTRUCTION CO., INC., Appellant,
v.
H. Lawrence GARRETT, III, Secretary of the Navy, Appellee.
 No. 91-1370.
 United States Court of Appeals, Federal Circuit.
 Feb. 25, 1992.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 RADER, Circuit Judge.
 
 
 1
 Blake Construction Co. appeals a decision of the Armed Services Board of Contract Appeals. Blake Constr. Co., 91-2 B.C.A. (CCH) p 23,810 (1991). The Board denied Blake's equitable adjustment claim for the cost of encasing electrical control system wiring. This court affirms the Board's decision.
 
 OPINION
 
 2
 Paragraph 3.1.1.8, § 16402 of the contract between Blake and the Navy required encasement of the project's energy monitoring control system (EMCS) within interconnected conduit. Specifically, the contract stated:
 
 
 3
 Telephone Trimis and EMCS conduit systems shall include outlets and terminals interconnected with empty conduit.
 
 
 4
 In Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed.Cir.1991), this court reiterated: "Contract interpretation begins with the plain language of the agreement." The Board correctly began its contract interpretation with the plain language of p 3.1.1.8. This court discerns no reversible error in the Board's conclusion that the specification language required interconnection of the EMCS system within conduit.
 
 
 5
 While the specifications expressly required encasement of the EMCS system within interconnected conduit, the drawings only sometimes depicted placement of the EMCS system inside conduit. The contract's Specifications and Drawings clause, however, stated:
 
 
 6
 Anything mentioned in the specifications and not shown on the drawings ... shall be of like effect as if shown or mentioned in both. In case of difference between drawings and specifications, the specifications shall govern.
 
 
 7
 The Board correctly interpreted this clause to resolve any conflict between the specifications and the drawings in favor of the specifications. Thus, to the extent Blake felt the drawings did not depict everything required by the specifications, the contract itself directed Blake to honor the requirements of p 3.1.1.8.
 
 
 8
 The Board also correctly based its holding on an alternative legal principle. In the face of a glaring ambiguity between the specifications and the drawings, Blake did not act upon its duty to inquire about the discrepancy. Where disputed provisions of a contract are obviously inconsistent at the time of contracting, the bidder has a duty to inquire about the conflict. Fort Vancouver Plywood Co. v. United States, 860 F.2d 409, 414 (Fed.Cir.1988). Blake did not inquire. For this reason as well, this court must affirm the Board's decision.